IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONSTELLATION DESIGNS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:21-CV-00448-JRG |
| | § | |
| LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., LG ELECTRONICS ALABAMA INC, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

The Court held a Pretrial Conference in the above-captioned matter on Thursday, June 15, 2023 regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff Constellation Designs, LLC ("Plaintiff" or "Constellation") and Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Alabama Inc. ("Defendants" or "LG"). (Dkt. Nos. 130, 131, 129, 133, 137, 134, 135, 136, 132, 128, 127, 200, 201, and 241.) This Order memorializes the Court's rulings on the aforementioned pretrial motions and MILs as announced into the record, including additional instructions that were given to the Parties. Although this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

### PRETRIAL MOTIONS

**Defendants' Motion for Partial Summary Judgment of Noninfringement for Products Containing a Realtek Chip (Dkt. No. 130)**

The motion was **DENIED**. (Dkt. No. 257 at 47:10–25.) The Court held that there are

questions of fact that preclude the entry of summary judgment.

**Defendants' Motion to Strike Portions of the Opening Report of Dr. Mark Jones (Dkt. No. 131)**

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. (Dkt. No. 257 at 49:7–24; 59:9–61:12.) The Court struck "and/or knew and specifically intended infringement of the asserted patents" from Paragraph 97 of Dr. Jones' report. The balance of Defendants' motion was denied.

**Plaintiff's Motion for Summary Judgment on LG's Ineligibility Defenses (Dkt. No. 129)**

The motion was **GRANTED**. (Dkt. No. 257 at 93:23–95:1.) The Court, after considering the claims at issue and the patents-in-suit and the invention as a whole, was persuaded that the patents-in-suit are not directed primarily to an abstract concept. The claims are focused on improvements of systems and are directed to a patent-eligible subject matter.

**Plaintiff's Motion to Strike Certain Portions of the Expert Report of Dr. Robert Akl Relating to His Patent Eligibility Analysis (Dkt. No. 133)**

The motion was **GRANTED**. (Dkt. No. 257 at 95:2–11.). In light of the Court's ruling regarding Dkt. No. 129, the Court struck the sections of Dr. Akl's report relating to his patent eligibility analysis.

**Plaintiff's Motion to Strike Certain Portions of the Expert Report of Mr. Robert Akl (Dkt. No. 137)**

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. (Dkt. No. 257 at 122:4–126:8; 129:23-130:8). The Court struck Paragraphs 58, 59, 65, 68, 325–332, 1318–19, 1359–60, 1822, 1823, 1824, and 1849 of Dr. Akl's Invalidity Report as such paragraphs concern references outside of LG's final election of prior art references and combinations. The parties further agreed (and the Court accepted their agreement) that LG would not contend that the claims are product-by-process. The balance of Plaintiff's motion was denied. The Court intends to enforce

its Motions *in Limine*. To the extent Dr. Akl or any other witness violates the Court's Motions *in Limine*, the Court expects the parties to raise an objection to such violation during the trial.

**Plaintiff's Motion for Summary Judgment on LG's Improper Inventorship Defense (Dkt. No. 134)**

The motion was **GRANTED**. (Dkt. No. 257 at 158:3–159:5.)

**Plaintiff's Partial Motion for Summary Judgment as to Written Description and Priority and Motion to Strike Dr. Akl's Opinions in Violation of the Court's Claim Construction Order (Dkt. No. 135)**

The motion was **GRANTED**. (Dkt. No. 257 at 191:24–193:8.) The Court struck Defendants' written description defense and the paragraphs in Dr. Akl's report related thereto. The Court further held that the applicable priority date for U.S. Patent No. 11,018,922 is December 30th, 2008.

**Plaintiff's Motion to Strike and Exclude Portions of the Expert Report of Brian Napper (Dkt. No. 136)**

The motion was **DENIED**. (Dkt. No. 257 at 205:8–206:13.)

**Defendants' Motion to Strike the Expert Report of Ryan Sullivan (Dkt. No. 132)**

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. (Dkt. No. 257 at 225:1–228:9.) The Court struck paragraphs 450 through 462 of Dr. Sullivan's report as the report fails to adequately account for the patents' essentiality in analyzing *Georgia-Pacific* factors 8-10. The remainder of the motion was denied.

**Plaintiff's Motion for Summary Judgment and Motion to Strike on or, in the alternative, to Strike LG's Equitable Defenses (Dkt. No. 128)**

The motion was **DENIED**. (Dkt. No. 257 at 232:24)

**Defendants' Motion to Strike the Supplement and Errata of the Expert Reports of Dr. Mark Jones (Dkt. No. 127)**

The motion was **DENIED-AS-MOOT**. (Dkt. No. 257 at 61:13–62:3.)

## MOTIONS *IN LIMINE*

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**PLAINTIFF'S OPPOSED MOTIONS *IN LIMINE* (Dkt. No. 201)**

Plaintiff's MIL 1    **Preclude LG from introducing any argument, evidence, or suggestion concerning specific patents beyond the asserted patents, prior art, or patents in the Zenith comparable licenses, including suggesting LG or ATSC 3.0 is practicing specific LG patents or other patents from participants in ATSC 3.0.**

The MIL was **DENIED**. (Dkt. No. 257 at 244:6–245:22.)

Plaintiff's MIL 2    **Any argument, evidence, testimony, reference, or suggestion that Constellation Designs has not asserted its patents against other entities, including Samsung or Sony, and associated settlement discussions with those third parties.**

The MIL was **GRANTED-AS-MODIFIED** per the parties' agreement as annotated in the record. (Dkt. No. 257 at 246:20–248:6; Dkt. No. 252 at 2.)

Plaintiff's MIL 3    **Preclude LG from introducing any argument, evidence, suggestion that there is an obligation to participate in a standard setting organization or that participation in a SSO is necessary to have a patent that covers products related to that standard.**

The MIL was **GRANTED-AS-MODIFIED** per the parties' agreement as annotated in the record. (Dkt. No. 257 at 248:13–249:17; Dkt. No. 249 at 2, 3.)

Plaintiff's MIL 4    **Any argument, testimony, evidence, reference to, or suggestion about lump sum damages calculations or implying in any way that Dr. Sullivan's or Mr. Napper's damages calculations result in, or that the jury may award, a "lump sum."**

The MIL was **GRANTED-AS-MODIFIED** per the parties' agreement as annotated in the record. (Dkt. No. 257 at 249:22–251:3; Dkt. 249 at 3.)

Plaintiff's MIL 5    **Preclude LG from introducing any argument, evidence, or suggestion**

>regarding Fortress or Constellation Designs, LLC receiving funding from Fortress.

The MIL was **GRANTED-AS-MODIFIED** per the parties' agreement as annotated in the record. (Dkt. No. 257 at 251:11–252:7.)

**DEFENDANTS' OPPOSED MOTIONS *IN LIMINE* (Dkt. No. 200)**

Defendants' MIL 1   **To Exclude the IEEE Magazine and Articles within the Magazine, And Testimony Relating Thereto.**

The MIL was **WITHDRAWN**. (Dkt. No. 257 at 253:4–7.)

Defendants' MIL 2   **To Exclude Evidence Suggesting a Failure to Seek Opinion of Counsel after being Allegedly Notified about CD's Asserted Patents.**

The MIL was **WITHDRAWN**. (Dkt. No. 257 at 253:4–7.)

Defendants' MIL 3   **Preclude Any Argument, Evidence, or Testimony that LG Has Improper Influence over the Development of the ATSC Standard.**

The MIL was **DENIED**. (Dkt. No. 257 at 255:22–257:21.)

Defendants' MIL 4   **To Preclude Any Argument, Document, or Testimony Presenting the Patent Pool Members in Derogatory Terms or Implying the Patent Pool Agreements Are Illegal.**

The MIL was **GRANTED-AS-MODIFIED** per the parties' agreement as annotated in the record. (Dkt. No. 257 at 259:6–260:2; Dkt. No. 252 at 3.)

Defendants' MIL 5   **To Preclude Any Argument, Document, or Testimony Regarding Zenith's Bankruptcy and LG's Ownership of Zenith.**

The MIL was **GRANTED-AS-MODIFIED** per the parties' agreement as annotated in the record. (Dkt. No. 257 at 260:8–261:15; Dkt. No. 252 at 3.)

**COURT MOTIONS *IN LIMINE***

Refer to the Court's Standing Order on Motions *in Limine*.

**PLAINTIFF'S MOTION TO DISMISS UNDER RULE 41 (Dkt. No. 241)**

The Court **GRANTED** the motion. (Dkt. No. 257 at 22:19–24:12.)

5

**So ORDERED and SIGNED this 27th day of June, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE