IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CONSTELLATION DESIGNS, LLC, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § CIVIL ACTION NO. 2:21-CV-00448-JRG |
| | § |
| LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., LG ELECTRONICS ALABAMA INC, | § |
| | § |
| *Defendants*. | § |

**FINAL JUDGMENT**

A jury trial commenced in the above-captioned case on July 5, 2023, and on July 11, 2023, the jury reached and returned its unanimous verdict finding that Defendants LG Electronics Inc., LG Electronics USA, Inc., and LG Electronics Alabama, Inc. (together "LG") infringed at least one of Claims 17, 21, 24, and 28 of U.S. Patent No. 8,842,761 (the "'761 Patent), at least one of Claims 21 and 23 of U.S. Patent No. 11,019,509 (the "'509 Patent"), at least one of Claims 24 and 44 of U.S. Patent No. 11,018,992 (the "'992 Patent"), and Claim 5 of U.S. Patent No. 10,693,700 (the "'700 Patent") (collectively, the "Asserted Claims"); that none of the Asserted Claims were invalid; that LG willfully infringed at least one of the Asserted Claims; and that Plaintiff Constellation Designs LLC ("CD") is owed $1,684,469.00 in the form of a running royalty for LG's infringement. (Dkt. No. 277).

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. LG has infringed at least one Asserted Claim of each of the '761 Patent, '509 Patent, '992 Patent, and the '700 Patent;

2. The Asserted Claims are not invalid;

3. LG's infringement was willful;

4. CD is hereby awarded damages from and against LG and shall accordingly have and recover from LG the sum of $1,684,469.00 U.S. Dollars for past infringement by LG and as a running royalty;

5. Notwithstanding the jury's finding of willfulness, the Court having considered the totality of the circumstances together with the material benefit of having presided throughout the jury trial and having seen the same evidence and heard the same arguments as the jury, and mindful that enhancement is generally reserved for "egregious cases of culpable behavior,"[1] concludes that enhancement of the compensatory award herein is not warranted under 35 U.S.C. § 284 and consequently, the Court elects not to enhance the damages awarded herein;

6. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award,"[2] the Court awards to CD from LG pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment;[3]

---

[1] *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016).
[2] *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).
[3] *See Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800–801 (Fed. Cir. 1988).

7. Pursuant to 28 U.S.C. § 1961, the Court awards to CD from LG post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid; and

8. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, CD is the prevailing party in this case and shall recover its costs from LG. CD is directed to file its proposed Bill of Costs.

All other requests for relief now pending and requested by either party but not specifically addressed herein are **DENIED**.

**So ORDERED and SIGNED this 22nd day of August, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE