**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CONSTELLATION DESIGNS, LLC, | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:21-CV-00448-JRG |
| | § | |
| LG    ELECTRONICS,    INC.,    LG | § | |
| ELECTRONICS    USA,    INC.,    LG | § | |
| ELECTRONICS ALABAMA INC, | § | |
| | § | |
| *Defendants*. | | |

**AMENDED FINAL JUDGMENT**

A jury trial commenced in the above-captioned case on July 5, 2023. On July 11, 2023, the jury returned its unanimous verdict finding that Defendants LG Electronics Inc., LG Electronics USA, Inc., and LG Electronics Alabama, Inc. (together, "LG") infringed at least one of Claims 17, 21, 24, and 28 of U.S. Patent No. 8,842,761 (the "'761 Patent), at least one of Claims 21 and 23 of U.S. Patent No. 11,019,509 (the "'509 Patent"), at least one of Claims 24 and 44 of U.S. Patent No. 11,018,922 (the "'922 Patent"), and Claim 5 of U.S. Patent No. 10,693,700 (the "'700 Patent") (collectively, the "Asserted Claims"); that none of the Asserted Claims were invalid; that LG willfully infringed at least one of the Asserted Claims; and that Plaintiff Constellation Designs LLC ("CD") should recover from LG $1,684,469.00 in the form of a running royalty as a damages award for LG's infringement. (Dkt. No. 277).

The Court entered Final Judgment based on the jury's verdict on August 23, 2023.  (Dkt. No. 303.)  Following entry of the Final Judgment, CD filed a Motion for Supplemental Damages, Ongoing Royalties, and Interest ("Supplemental Damages Motion") (Dkt. No. 315), a Motion for Attorney's Fees and Costs ("Fees Motion") (Dkt. No. 316), and an Unopposed Motion for Bill of

Costs ("Motion for Bill of Costs") (Dkt. No. 311).  Additionally, LG filed a Motion for Judgment as a Matter of Law of No Liability ("JMOL of No Liability") (Dkt. No. 314), a Motion for Judgment as a Matter of Law of No Damages ("JMOL of No Damages") (Dkt. No. 310), a Motion for Judgment as a Matter of Law of No Willfulness ("JMOL of No Willfulness") (Dkt. No. 313), and a Motion for a New Trial ("New Trial Motion") (Dkt. No. 312) (collectively, the "Post-Judgment Motions").

The Court having now ruled on each of the Post-Judgment Motions, and pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS** its **AMENDED FINAL JUDGMENT** as follows:

1. LG has infringed at least one Asserted Claim from each of the '761 Patent, '509 Patent, '922 Patent, and the '700 Patent;

2. The Asserted Claims are not invalid;

3. LG's infringement was willful;

4. CD is awarded damages from and against LG and shall accordingly have and recover from LG the sum of $1,684,469.00 U.S. Dollars for past infringement and as a running royalty;

5. CD is awarded supplemental damages against LG and shall accordingly have and recover from LG the sum of $157,241 U.S. Dollars;

6. CD is awarded an ongoing forward-looking royalty from LG at the rate of $6.75 per unit to be paid on a quarterly basis, such royalty being limited to the accused products litigated in this case; and LG must submit to CD by the 15th day of each month the total sold infringing units of the previous calendar month, with the first

such submission from LG to CD taking place on June 15, 2024 and continuing monthly thereafter during the life of the patents-in-suit;

7. Notwithstanding the jury's finding of willfulness, the Court having considered the totality of the circumstances together with the material benefit of having presided throughout the jury trial and having seen the same evidence and heard the same arguments as the jury, and mindful that enhancement is generally reserved for "egregious cases of culpable behavior,"[1] concludes that enhancement of the compensatory award herein is not warranted under 35 U.S.C. § 284 and consequently, the Court elects not to enhance the damages awarded herein or the ongoing royalty rate for future sales;

8. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award,"[2] the Court awards to CD from LG pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment;[3]

9. Pursuant to 28 U.S.C. § 1961, the Court awards to CD from LG post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid; and

---

[1] *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016).
[2] *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).
[3] *See Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800–801 (Fed. Cir. 1988).

10.   Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, CD is the prevailing party in this case and shall recover its costs from LG;

11.   This Amended Final Judgment shall be and is effective for all purposes as of August 23, 2023, being the date of entry of the original Final Judgment herein.

All other requests for relief now pending and requested by either party but not specifically addressed herein are **DENIED**. The Clerk of Court is directed to **CLOSE** this case.

**So ORDERED and SIGNED this 26th day of April, 2024.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE